```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

TORIANO WILLIAMS JR.,            )
                                 )
        Plaintiff,          )
                                 )
  v.                             )    No.  11 C 4965
                                 )
RAHEEL FOODS INC. d/b/a KFC,     )
                                 )
        Defendant.          )

### MEMORANDUM OPINION AND ORDER

Despite its short history (somewhat less than three months), this Title VII action has had an extraordinarily checkered history. Initially Raheel Foods, Inc. ("Raheel") responded to the Complaint brought against it by its ex-employee Toriano Williams, Jr. ("Williams") in a bizarre way: Its Office Manager, nonlawyer F.M. Nazar Khan ("Khan"), filed a two-page document that set out a purported explanation of Raheel's actions, coupled with a few attached documents that did not at all respond to Williams' allegations as required by Fed. R. Civ. P. ("Rule") 8(b).

That in turn led to the filing by Williams' counsel of a motion for entry of a default judgment. In turn Khan (still acting on his own and not through counsel) tendered a purported response and a motion to dismiss the motion for default judgment, each reflecting a total lack of understanding of what the Rules and federal practice called for. This Court promptly (on September 6) struck all of Khan's efforts and ordered that an

answer be filed by Raheel by September 27.

When Raheel (this time acting through counsel) then filed its Answer, its counsel violated both (1) the provisions of this District Court's LR 5.2(f) and (2) the boldface initial paragraph of this Court's own website reinforcing that LR by nondelivery of a hard copy to this Court's chambers. That resulted in the imposition of a modest fine as presaged by the website and, because the Answer was unsatisfactory, also caused the striking of the Answer and the granting of leave to file an Amended Answer by October 17.

On that date Raheel's retained lawyers[1] filed both (1) what was again captioned as an Answer (not an Amended Answer), including affirmative defenses ("ADs"), and (2) a document captioned "Defendants [sic] Rule 26(a)(1) Initial Disclosures." Then, after this Court had already dictated this memorandum opinion and order addressing the numerous flaws in those filings, Raheel's counsel proceeded to deliver another version of the Answer to this Court's chambers this morning--this one curing what had been a violation of LR 10.1[2] but retaining all of the other defects that this Court had already noted as to the

---

[1] This sentence speaks in plural terms as a sheer guess because, believe it or not, the Answer was totally unsigned!

[2] Even that simple task did not come off without a mistake--counsel repeated Complaint ¶33 a second time as Complaint ¶34, omitting the actual Complaint ¶34 entirely.

original filing.

Unfortunately, although Raheel's counsel have done somewhat better than their legally unlettered client, their own filings betray a serious lack of knowledge and understanding of the operative standards established both by the Rules and this District Court's LRs. Both filings are also stricken, and Raheel's counsel must go back to the drawing board immediately.

As for the "Initial Disclosures" document, Rule 26(a)(1)(A) specifies what each party must provide to the other parties at the outset, but it does <u>not</u> call for filing with the court. And consistently with that provision, LR 26.3 expressly prohibits the court filing of discovery materials except as permitted by that LR (of course, the placement of Rule 26 within the Rules--it is part of Title V captioned "Disclosures and Discovery"--brings such advance disclosure within the prohibition imposed by LR 26.3).

To turn to the Answer, it too flouts several of the applicable provisions of the Rules and LRs. Although what follows has made no attempt to be exhaustive, and Williams' counsel is free to interpose whatever other objections she notes, this opinion will tick off a series of deficiencies on the part of Raheel's counsel.

First, though this Court has made no effort to parse the entirety of Raheel's Answer, several of its paragraphs pose

obvious problems. For one thing, it is extraordinarily doubtful that Raheel can deny the allegations of Complaint ¶¶1 through 3, as it has, in the objective good faith (or perhaps even the subjective good faith) demanded by Rule 11(b). For another thing, the denials in Answer ¶¶7 and 24 are patently nonsensical.[3]

Next, Raheel's efforts to invoke the Rule 8(b)(5) disclaimer to obtain the benefit of deemed denials (Answer ¶¶4 and 34) depart fatally from the plain path marked out by that Rule. Moreover, even if the Rule's route had been followed faithfully, counsel's coupling of a disclaimer with a <u>denial</u> of the corresponding Complaint allegations is oxymoronic--how can a party that asserts (presumably in good faith) that it lacks knowledge (or, as Rule 8(b)(5) requires, even enough information to form a <u>belief</u>) as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?

Lastly, Raheel's addition of no fewer than ten ADs does violence to the concept of an AD as <u>admitting</u> a plaintiff's allegations but explaining why a defendant is nonetheless not liable (or perhaps is liable for less than plaintiff claims, as

---

[3] Indeed, except for a few admitted paragraphs and a couple of responses (next discussed) that violate Rule 8(b)(5), every one of the Complaint's allegations is denied. This Court is of course not in a position to pass any substantive judgment on the issues posed by the parties' conflicting positions, but it is hoped that Raheel's counsel will be constantly mindful of the Rule 11(b) requirements on returning to the drawing board.

in the case of comparative negligence)--see the uniform caselaw applying Rule 8(c) and, as well, App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). Thus once a plaintiff's version of the facts is controverted by its denial in an answer, any purported AD that sets out defendant's different version of events plays no part in the pleadings.[4]  Hence most of the purported ADs are inappropriate and should be omitted from Raheel's new pleading.[5]  In addition, the three purported ADs that do not fit the just-stated criticism are problematic on their own.  Here are their shortcomings:

    1.  AD 1 is the equivalent of a Rule 12(b)(6) motion and does not fit comfortably in the Rule 8(c) category. Moreover, it is simply wrong in substantive terms and must be omitted from Raheel's rewrite.

    2.  AD 2 is a model illustration of the inappropriate use of ADs.  That type of laundry list is totally uninformative, wholly at odds with the concept of notice pleading that is incumbent on defendants as well as plaintiffs in the federal system.  If Raheel has any bona fide basis for asserting any of the listed ADs, that must be

---

[4] There may be rare exceptions, but the text states the virtually universal principle.

[5] AD 7 should be singled out as particularly troublesome. It demonstrates a total lack of understanding of the law of employment discrimination.

5

done is a way that apprises Williams' counsel (and this Court) of Raheel's actual basis for advancing its contention.

    3. AD 10 makes no sense at all. There is of course no way in which a party can "waive" a presently unknown AD. Raheel's purported reservation of rights is meaningless--if, as and when it learns of another claimed AD, it must bring the subject on through an appropriate motion.

In summary, it is really astonishing that any federal practitioner can go wrong in so many ways in a comparatively short space.[6] With both of the currently filed documents having been stricken, Raheel is ordered to file a self-contained Amended Answer on or before October 31, 2011, failing which all of the allegations of Williams' Complaint will be deemed to have been admitted.

Because all of the items set out here (save Khan's initial aborted efforts) are the fault of counsel rather than of the client, no charge is to be made to Raheel by its counsel for the added work and expense incurred in correcting counsel's errors.

---

[6] It may well be that Raheel's lawyers have little familiarity with federal practice, so that the extended criticisms here may be attributable to sheer ignorance. In that regard, this Court notes that the Answer contains a verification by Khan (something totally unnecessary in the federal practice) that refers not to the Rules but to "Section 1-109 of the Code of Civil Procedure"--the code that governs Illinois state court practice and is inapplicable in this District Court.

Raheel's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

It is frankly regrettable that the only sanction here should be the noncollection of any fee for spending the time to correct one's own mistakes. If this District Court had a mandatory and meaningful continuing legal education program, some compulsory enrollment and attendance would be very much in order.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 18, 2011