IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TORIANO WILLIAMS JR.,            )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No.  11 C 4965
                                 )
RAHEEL FOODS INC. d/b/a KFC,     )
                                 )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

After several false starts in which a nonlawyer principal in defendant Raheel Foods, Inc. ("Raheel") had tried to respond on its behalf to a Complaint by its ex-employee Toriano Williams, Jr. ("Williams") charging both employment discrimination and retaliation, Raheel retained counsel to represent it here. In turn the retained counsel proceeded to generate not one but two unsatisfactory responsive pleadings (each of them captioned "Answer").

In an effort to set Raheel's counsel on the proper path, this Court issued an October 18, 2011 memorandum opinion and order ("Opinion") that explained in substantial detail the problematic aspects of the second Answer.[1] Now counsel have come forward with an Amended Answer that, to be perfectly blunt, is an even less acceptable piece of work than its lawyer-generated

---

[1] As Opinion at 3 stated, both of counsel's filings "betray a serious lack of knowledge and understanding of the operative standards established both by the Rules and this District Court's LRs."

predecessors.

For example, the second Answer contained two paragraphs that revealed counsel's failure to have read and understood Fed. R. Civ. P. ("Rule") 8(b)(5), as to which Opinion at 4 stated:

> Next, Raheel's efforts to invoke the Rule 8(b)(5) disclaimer to obtain the benefit of deemed denials (Answer ¶¶4 and 34) depart fatally from the plain path marked out by that Rule.  Moreover, even if the Rule's route had been followed faithfully, counsel's coupling of a disclaimer with a <u>denial</u> of the corresponding Complaint allegations is oxymoronic--how can a party that asserts (presumably in good faith) that it lacks knowledge (or, as Rule 8(b)(5) requires, even enough information to form a <u>belief</u>) as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?

Astonishingly, this time not just two but fully 21 paragraphs (Amended Answer ¶¶4, 12-21 and 25-34), though eliminating the Answer's oxymoronic denial of disclaimed allegations in the Complaint, display counsel's continued failure to read that Rule and to engage in the simple task of following its crystal-clear directive.[2]

Something needs to be said as well as to the nine affirmative defenses ("ADs") that are still included in the

---

[2] Given counsel's disclaimer of "knowledge" alone, while being totally silent as to the other essential ingredients regarding "information" and "belief," it is impossible for this Court or Williams' counsel to know which of the Complaint's allegations can be disclaimed by Raheel in the subjective and objective good faith demanded by Rule 11.  When Raheel's counsel returns once more to the task of seeking to produce a proper responsive pleading, this Court expects <u>every</u> allegation of the Complaint to be examined with care to see which can and which cannot be the subject of a Rule 8(b)(5) disclaimer.

2

current filing (it appears that Raheel's counsel has simply eliminated the blunderbuss assertions formerly contained in what had been the Second Affirmative Defense, simply moving up what had been ADs 3 through 10 to become ADs 2 through 9 in the new pleading. Even then counsel's work has been impermissibly sloppy, failing to change the numbering in the text of each AD to conform to the new AD numbers themselves (thus new AD 2 begins "As for its third affirmative defense...," with the same error being repeated throughout).

As before, this Court will leave it to Williams' counsel to address any ADs that she may find flawed. This opinion will instead single out just a few that are patently problematic:

    1. AD 1, which as before is the equivalent of a Rule 12(b)(6) motion, betrays either a lack of understanding of, or a failure to follow, basic principles of employment discrimination law. According to the Complaint, Williams' subjection to discipline and ultimate termination were the direct outcome of sexual harassment by his immediate supervisor Dianne Danzey ("Danzey"), the General Manager at his place of employment. Raheel's Title VII liability stems from Danzey's poisoning of the decisional well, even if that may have fallen short of the now-discredited "cat's paw" concept.

    2. AD 6 (formerly AD 7) was expressly singled out in

3

Opinion at 5 n.5 as "demonstrat[ing] a total lack of understanding of the law of employment discrimination." That continues to be the case, and AD 6 is stricken without leave to refile.

   3.  AD 7 (formerly AD 8) misses the boat in the same way as explained earlier regarding AD 1.  It too is stricken without leave to replead.

   4.  AD 9 simply repeats what had been AD 10, even though Opinion at 6 had said the latter "makes no sense at all."  That too is rejected without leave to replead.

In another instance of total disregard of this Court's constructive curative efforts, Raheel's counsel has again attached a verification that is not only out of sync with federal practice but also refers to a provision of the Illinois state courts' Code of Civil Procedure--and that even though Opinion at 6 n.6 had specifically brought the shortcomings to counsel's attention.

In light of counsel's obvious flouting of this Court's efforts at guidance (something that really demonstrates a lack of respect for this Court), something more than simply striking the new pleading and ordering its replacement is in order.  In the latter respect, though, a Second Amended Answer must be filed on or before November 15, 2011, and the directive contained in the penultimate paragraph of the Opinion must again be followed.  In

addition, this time this Court concludes that an appropriate sanction under Rule 11(c)(3) should be considered, and Raheel's counsel is ordered on or before that same November 15 date to show cause why the conduct described here has not violated Rule 11(b).

_____
Milton I. Shadur
Senior United States District Judge

Date: November 1, 2011